

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00908-CR

Jakroi Allen **BANKS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR0571
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: December 19, 2018

DISMISSED

Appellant, Jakroi Allen Banks, entered into a plea bargain with the State, and pled guilty to aggravated kidnapping. The trial court subsequently imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Banks timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). This court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing appellant has the right to appeal were made part of the appellate record within thirty days or Banks otherwise established the trial court's certification is defective. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed counsel has filed a written response, stating that the trial court denied counsel's motion to amend the certification and, after reviewing the record, counsel found no right of appeal. After reviewing the record and counsel's notice, we agree appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH